1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   J.P. PARNELL,                              No.  2:21-cv-01182-CKD P

12            Plaintiff,

13        v.                                    ORDER

14   WHEELER, et al.,

15            Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42

18   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19   U.S.C. § 636(b)(1).

20        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## I.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.     Legal Standards

### A. Excessive Force

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual

1   punishment on inmates which has been defined as "the unnecessary and wanton infliction of

2   pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).   "[W]henever prison officials stand accused

3   of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the

4   core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore

5   discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7

6   (1992).  The court's inquiry into an excessive force claim focuses on the extent of the prisoner's

7   injury, the need for application of force, the relationship between that need and the amount of

8   force used, the threat reasonably perceived by the responsible officials, and any efforts made to

9   temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (1992) (quotation marks and

10  citations omitted).  While the absence of a serious injury is relevant to the Eighth Amendment

11  inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to

12  cause harm always violates contemporary standards of decency in violation of the Eighth

13  Amendment.  Whitley, 475 U.S. at 327.

14        **B.  Inmate Grievances**

15        The existence of a prison grievance procedure establishes a procedural right only and

16  "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495

17  (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

18  (no liberty interest in processing of appeals because no entitlement to a specific grievance

19  procedure).  This means that a prison official's action in reviewing an inmate grievance cannot

20  serve as a basis for liability under Section 1983.  Buckley, 997 F.2d at 495.  "Only persons who

21  cause or participate in the violations are responsible.  Ruling against a prisoner on an

22  administrative complaint does not cause or contribute to the violation.  A guard who stands and

23  watches while another guard beats a prisoner violates the Constitution; a guard who rejects an

24  administrative complaint about a completed act of misconduct does not." George v. Smith, 507

25  F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

26        **III.   Analysis**

27        Before the court could screen the complaint, plaintiff filed a motion to supplement his

28  pleading by adding a third claim for relief.  ECF No. 6.  However, Local Rule 220 requires "every

3

1   pleading to which an amendment or supplement is permitted… shall be retyped and filed so that it

2   is complete in itself without reference to the prior or superseded pleading.  No pleading shall be

3   deemed amended or supplemented until this Rule has been complied with."  Because plaintiff's

4   motion to supplement seeks to attach another page to the original complaint, the court will

5   construe this request as a motion to amend his complaint.  So construed, the motion is granted.

6   Plaintiff's complaint is dismissed and he is granted 30 days to comply with Local Rule 220 by

7   filing an amended complaint that is complete in itself without reference to any prior pleading.  In

8   so doing, the court has provided plaintiff with the appropriate legal standards governing his

9   potential claims for relief.

10         If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the

11   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must

13   allege in specific terms how each named defendant is involved.  There can be no liability under

14   42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

15   actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague

16   and conclusory allegations of official participation in civil rights violations are not sufficient.

17   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18         In accordance with the above, IT IS HEREBY ORDERED that:

19         1.  Plaintiff's motions for leave to proceed in forma pauperis (ECF No. 2, 7) are granted.

20         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

21   shall be collected and paid in accordance with this court's order to the Director of the California

22   Department of Corrections and Rehabilitation filed concurrently herewith.

23         3.  Plaintiff's motion to supplement his complaint (ECF No 6) is granted.

24         4.  Plaintiff's complaint is dismissed.

25         5.  Plaintiff is granted thirty days from the date of service of this order to file an amended

26   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

27   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

28   number assigned this case and must be labeled "Amended Complaint."  Failure to file an

1   amended complaint in accordance with this order will result in a recommendation that this action

2   be dismissed.

3   Dated:  August 26, 2021

4   _____
    CAROLYN K. DELANEY

5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11   12/parn1182.m2supplement.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28