UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P. PARNELL,<br><br>       Plaintiff,<br><br>    v.<br><br>WHEELER, et al.,<br><br>       Defendants. | No.  2:21-cv-01182-CKD P<br><br><br><br>ORDER |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On August 26, 2021, the court dismissed plaintiff's complaint, but granted him leave to file an amended complaint.  ECF No. 8.  Plaintiff's first amended complaint is now before the court for screening.

**I.     Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

1

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

**II.     Allegations in the Amended Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the California Medical Facility.  On July 28, 2020, plaintiff was ordered to move to a new housing assignment in the J-Wing due to the ongoing Covid-19 pandemic.  Plaintiff asked to speak with numerous correctional staff in order to explain why he should not be moved.  Unsuccessful in these efforts, plaintiff informed defendant Wheeler that he would rather go to administrative segregation than to move to the J-Wing.  Defendant Wheeler then handcuffed plaintiff.  Plaintiff alleges that defendant Wheeler then shoved him head-first into a wall and placed his knee on plaintiff's back.  After plaintiff was on the floor, defendant Wheeler lifted plaintiff by the handcuffs and "bounced him two or three times on the floor."  ECF No. 13 at 5.  Plaintiff was injured as a result.

In claim two, plaintiff alleges that a lieutenant identified only as "Doe" reneged on his promise to read the paperwork that plaintiff had in his hand that explained why he did not want to be moved to the J-Wing.

In claim three, plaintiff asserts that his Fourteenth Amendment right to equal protection was violated by defendant Toure.  Plaintiff asserts that defendant Toure was "duty bound to alert affected staff that the re-housing was [a] direct abrogation of Warden's order" from 2017.  ECF No. 13 at 14.  Plaintiff also alleges that defendant Toure issued him a rules violation report ("RVR") on July 18, 2020 for refusing a housing assignment.  Plaintiff asserts that his reason for refusing the housing assignment precluded the issuance of the RVR and that defendant Toure should have reviewed plaintiff's central file before issuing it.  In a conclusory fashion, plaintiff alleges that defendant Toure issued the RVR in retaliation for plaintiff's use of the inmate grievance process.

**III.     Legal Standards**

**A. Linkage Requirement**

The civil rights statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**B. Retaliation**

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

**C. False Reports**

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984). An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected

right.  See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).

**IV.     Analysis**

After conducting the required screening, the court finds that plaintiff sufficiently alleges an Eighth Amendment excessive force claim against defendant Wheeler.  Plaintiff does not allege a cognizable claim against defendant Toure for issuing the RVR because plaintiff does not allege that it was false.  Instead, plaintiff alleges that his refusal to accept the housing assignment was justified by a written statement from the warden in 2017.  Accordingly, plaintiff fails to state a cognizable claim based on the issuance of the RVR by defendant Toure.  It appears to the court that plaintiff may be attempting to raise a retaliation claim against one or more of the defendants.  However, the allegations in the amended complaint indicate that there was a legitimate penological reason for plaintiff's transfer to the J-Wing due to the ongoing Covid-19 pandemic.  Therefore, the amended complaint fails to state a retaliation claim against any defendant.

Plaintiff may choose to proceed on the claim found cognizable against defendant Wheeler, or he may attempt to cure the defects in his pleading by filing a second amended complaint.  If plaintiff chooses to proceed on the Eighth Amendment excessive force claim against defendant Wheeler, the court will construe this as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the amended complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the Eighth Amendment excessive force claim against defendant Wheeler; or, 2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants. **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing the remaining claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on the Eighth Amendment excessive force claim against defendant Wheeler. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims and defendants.
2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a second amended complaint.

/////

/////

3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated: January 7, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P. PARNELL,<br><br>    Plaintiff,<br><br>v.<br><br>WHEELER, et al.,<br><br>    Defendants. | No.  2:21-cv-01182-CKD<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

_____   Plaintiff wants to proceed immediately on the Eighth Amendment excessive force claim against defendant Wheeler.  Plaintiff voluntarily dismisses the remaining claims and defendants;

**or**

_____   Plaintiff wants time to file a second amended complaint.


DATED:

_____
Plaintiff

7